**Kauff McGuire & Margolis LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

Attorneys for Defendants
Crosby Street Hotel LLC and Anthony Paris

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Esselborn, | |
| Plaintiff, | |
| -against- | Index No.  14 Civ. 3327 (LAP) |
| Crosby Street Hotel LLC and Anthony Paris, | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.................................................................................... 1

STATEMENT OF RELEVANT FACTS............................................................................ 2

LEGAL STANDARD.................................................................................................. 3

ARGUMENT ........................................................................................................... 4

    I.     PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF
           EMOTIONAL DISTRESS IS DEFICIENT AS A MATTER OF LAW........... 4

    II.    PLAINTIFF'S CLAIM FOR BREACH OF COMPANY POLICY/
           EMPLOYEE HANDBOOK IS DEFICIENT AS A MATTER OF LAW ......... 8

CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..........................................................................................................4

*Astra Media Group, LLC v. Clear Channel Taxi Media, LLC,*
414 Fed. Appx. 334 (2d Cir. 2011).................................................................................4

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)........................................................................................................4

*Bender v. City of New York,*
78 F.3d 787 (2d Cir. 1996) ............................................................................................4

*Caronia v. Hustedt Chevrolet,*
No. 05-Cv-3526, 2009 U.S. Dist. LEXIS 27145 (E.D.N.Y. Apr. 1, 2009).......................8

*Cohn-Frankel v. United Synagogue of Conservative Judaism,*
246 A.D.2d 332, 667 N.Y.S.2d 360 (1st Dep't 1998)..........................................................5

*Conde v. Yeshiva Univ.,*
16 A.D.3d 185, 792 N.Y.S.2d 387 (1st Dep't 2005).............................................................8

*DeJesus v. HF Mgmt. Servs., LLC,*
726 F.3d 85 (2d Cir. 2013) ............................................................................................3

*Dellefave v. Access Temps., Inc.,*
37 Fed. Appx. 23 (2d Cir. 2002)...................................................................................10

*Elmowitz v. Executive Towers at Lido, LLC,*
571 F. Supp. 2d 370 (E.D.N.Y. 2008) ...........................................................................5

*Fama v. Am. Int'l Group, Inc.,*
306 A.D.2d 310, 760 N.Y.S.2d 534 (2d Dep't 2003)..........................................................8

*Jackson v. County of Rockland,*
450 Fed. Appx. 15, (2d Cir. 2011)..................................................................................4

*Lobosco v. N.Y. Tel. Company/NYNEX,*
96 N.Y.2d 312, 727 N.Y.S.2d 383, 751 N.E.2d 462 (2001) ............................................10

*Martin v. Citibank, N.A.,*
762 F.2d 212 (2d Cir. 1985)...........................................................................................8

*Martin v Southern Container Corp.*,
  92 A.D.3d 647 (2d Dep't 2012), *lv. to appeal denied*, 19 N.Y.3d 839, 969
  N.E.2d 212, 946 N.Y.S.2d 95 (2012)..................................................................................10

*McGown v. City of New York*,
  No. 09-CV-8646, 2010 U.S. Dist. LEXIS 96595 (S.D.N.Y. Sept. 9, 2010).....................5

*Murphy v. Am. Home Products*,
  58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) ...............................................8

*Nader v. Gen. Motors Corp.*, 25 N.Y.2d 560, 307 N.Y.S.2d 647,
  255 N.E.2d 765, (1970).........................................................................................................5

*Naughright v. Weiss*,
  826 F. Supp. 2d 676 (S.D.N.Y. 2011).................................................................................5

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998), *cert. denied*,
  525 U.S. 1103 (1999) ....................................................................................................... 3, 9

*Reid v. Macy's N.E. At Herald Sq., N.Y. 10001 Under Federated Corp.*,
  102458/12, 2013 N.Y. Misc. LEXIS 1702
  (Sup. Ct. N.Y. County, Apr. 17, 2013) ..............................................................................7

*Seltzer v Bayer*,
  272 A.D.2d 263, 709 N.Y.S.2d 21 (1st Dep't. 2000) .........................................................8

*Sheila C. v. Povich*, 11 A.D.3d 120,
  781 N.Y.S.2d 342 (1st Dep't 2004) ...................................................................................5

*Stevens v. New York*,
  691 F. Supp. 2d 392 (S.D.N.Y. 2009) ................................................................................7

*Stuto v. Fleishman*,
  164 F.3d 820 (2d Cir. 1999) ................................................................................................5

*Taylor v. Vt. Dep't of Educ.*,
  313 F.3d 768 (2d Cir. 2002).............................................................................................3, 9

*Verrocchio v. Fed. Express Corp.*,
  3:09-cv-1376, 2011 U.S. Dist. LEXIS 20967 (N.D.N.Y Mar. 3, 2011) ...........................10

## STATUTES

Family And Medical Leave Act (FMLA)........................................................................ passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 2, 3, 9, 11

4852-4198-4283.3

Defendants Crosby Street Hotel LLC ("the Crosby Street Hotel or "the Hotel") and Anthony Paris (collectively "Defendants") submit this memorandum of law in support of their partial motion to dismiss the second and third causes of action in Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that these causes of action, for "Intentional Infliction of Emotional Distress" ("IIED") and "Breach of Company Policy/Employee Handbook," fail to state a claim upon which relief may be granted. [1]

## PRELIMINARY STATEMENT

Plaintiff's second cause of action, for IIED, and his third cause of action, for "Breach of Company Policy/Employee Handbook," fail to state any claim upon which relief may be granted and should be dismissed in their entirety as a matter of law. [2] Plaintiff's IIED claim must be dismissed because Plaintiff has failed to plead facts that come even close to establishing the type of extreme and outrageous conduct required for such a claim. Plaintiff's claim for "Breach of Company Policy/Employee Handbook" must also be dismissed because the Crosby Street Hotel handbook, on which this claim is based, specifically states that the Handbook is not a contract and therefore the Handbook does not provide Plaintiff with any contractual right to take time off from

---

[1] Defendants also deny the claims set forth in Plaintiff's first cause of action, for "Interference/Retaliation under the FMLA" and will file a summary judgment motion seeking dismissal of this cause of action on the grounds that: (1) Plaintiff was not eligible for leave under the FMLA as a matter of law as, contrary to the allegations in his Complaint, he had not worked for the Hotel for 1250 hours in the twelve months preceding his request for leave; (2) even though Plaintiff was not eligible for FMLA leave, after an initial misunderstanding regarding the circumstances of Plaintiff's request, Defendants granted Plaintiff a leave of absence and told Plaintiff that he could return to work when he was ready; and (3) Plaintiff refused to return to work. These facts are not relevant to this motion and will require Defendants to refer to matters outside of the pleadings. Therefore, Defendants have not included Plaintiff's FMLA claim in this Motion to Dismiss.

[2] Although these claims appear to be asserted against both Defendants, the sections of the Complaint regarding both of these claims only contain allegations about Defendant Paris.

1

work. In light of these deficiencies, Plaintiff has failed to state any claim in his second and third causes of action upon which relief may be granted and these causes of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF RELEVANT FACTS[3]

The Crosby Street Hotel is a boutique hotel located on Crosby Street in New York City. (Complaint ("Compl.") ¶ 10). Plaintiff was employed at the Hotel as a night cook. (Compl. ¶¶ 7, 15.) Defendant Anthony Paris was employed by the Hotel as a chef and was Plaintiff's supervisor. (Compl. ¶¶ 1, 12.) On or about December 15, 2013, Plaintiff asked for a leave of absence.[4] (Compl. ¶ 23.) Defendant Paris sent an e-mail message to Plaintiff on December 19, 2013, stating that he understood that Plaintiff would need some time off and asking Plaintiff to provide a return date. (Compl. ¶ 26.) Plaintiff told Defendant Paris that he could not provide a return date and would have to wait until January 1, 2014 to reassess his situation. (Compl. ¶ 27.)

On December 23, 2013, when Plaintiff had not yet returned to work or provided a return date, Katherine Suffern, a Hotel manager, sent an e-mail message to Plaintiff stating that she needed to know if Plaintiff was "requesting voluntary time off to deal with whatever situation you may be facing or if you have decided not to return." (Compl. ¶ 27.) At the time she sent this e-mail, Ms. Suffern was not aware that Plaintiff's wife was critically ill and that Plaintiff had requested a medical leave to care for her. (Compl. ¶¶ 28, 29.)

---

[3] Although Defendants dispute Plaintiff's version of the facts as set forth in the Complaint, for the purposes of this motion only, the facts are presented as Plaintiff has asserted them.
[4] As Defendants will explain in their anticipated motion for summary judgment, at the time Plaintiff requested a leave of absence in December 2013, Plaintiff was already out on a leave of absence that began on or about December 6, 2013 because of injuries related to a car accident and had been expected to return to work on December 12, 2013, but he did not.

4852-4198-4283.3

On December 23, 2013, Defendant Paris sent an e-mail message to Plaintiff explaining that, although he appreciated Plaintiff's situation and valued Plaintiff as a an employee, he could not wait until January 1, 2014 for Plaintiff to reassess his situation. (Compl. ¶ 30). Defendant Paris therefore told Plaintiff that he considered Plaintiff to have resigned from his employment. (Compl. ¶ 30.) Plaintiff asserts that Ms. Suffern later informed Plaintiff that he was ineligible for FMLA leave. (Compl. ¶ 32.)

**LEGAL STANDARD**

At the pre-answer stage, a Court may dismiss a plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to state a claim upon which relief may be granted. While a Court must accept at this stage "all the factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff," the "'complaint must [nonetheless] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *cert. denied*, No. 13-519, 2014 U.S. LEXIS 544 (Jan. 13, 2014) (internal quotations and citations omitted) (second alteration in original). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.*

Although on a motion to dismiss a Court is generally limited to the allegations contained in the Complaint, a Court may also consider documents referenced in the Complaint, but not attached thereto, such as the Employee Handbook upon which Plaintiff bases his third cause of action. *See, e.g.*, *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)(on a motion to dismiss, court may consider "documents incorporated within the complaint by reference.") (citing *Pani v. Empire*

3

*Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)).

A pleading like Plaintiff's instant Complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Determining whether a claim is facially plausible is a two-step process. *See Astra Media Group, LLC v. Clear Channel Taxi Media, LLC,* 414 Fed. Appx. 334, 335 (2d Cir. 2011). "First, conclusory statements must be disregarded, and, second, the remaining factual assertions must, when read together, make a plausible case for relief." *Astra Media*, 414 Fed. Appx. 15, 18 at 335 (citing *Iqbal*, 5556 U.S. at 677-79). *See Jackson v. County of Rockland*, 450 Fed. Appx. 15 (2d Cir. 2011) ("plausibility depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable.") (internal quotations omitted).

Where a plaintiff, as is the case in this matter, has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS DEFICIENT AS A MATTER OF LAW

In New York the "tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). In his

4

Complaint, Plaintiff has merely recited these elements without providing any facts that would support a claim for IIED.

With respect to the first element, "the conduct complained of must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Naughright v. Weiss*, 826 F. Supp. 2d 676, 697 (S.D.N.Y. 2011) (quoting *Sheila C. v. Povich*, 11 A.D.3d 120, 130-131, 781 N.Y.S.2d 342 (1st Dep't 2004)). Whether the conduct is "outrageous" is a matter of law to be decided by the court. *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citation omitted). "Courts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a 'deliberate and malicious campaign of harassment or intimidation.'" *Cohn-Frankel v. United Synagogue of Conservative Judaism*, 246 A.D.2d 332, 332, 667 N.Y.S.2d 360, 362 (1st Dep't 1998) (quoting *Nader v. Gen. Motors Corp.*, 25 N.Y.2d 560, 569, 307 N.Y.S.2d 647, 654, 255 N.E.2d 765, 770 (1970)). The bar is extremely high, and "[t]his highly disfavored cause of action is almost never successful." *McGown v. City of New York*, No. 09-CV-8646, 2010 U.S. Dist. LEXIS 96595 at 15 (S.D.N.Y. Sept. 9, 2010). *See Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 2d 370, 378 (E.D.N.Y. 2008) ("Very few claims satisfy the extreme and outrageous requirement of an IIED claim. . . . In fact, none of the IIED claims considered by the New York Court of Appeals have survived because the conduct was not sufficiently outrageous.")

Plaintiff's claim for IIED must be dismissed because Plaintiff has failed to allege *any* facts suggesting that (a) Defendants' conduct was extreme or outrageous, (b) Defendants acted intentionally or recklessly to produce Plaintiff's alleged severe emotional distress, (c) a causal connection between the conduct and any alleged injury,

4852-4198-4283.3

or (d) Plaintiff suffered severe emotional distress, all of which are required elements of a

*prima facie* case of IIED. The entirety of Plaintiff's allegations regarding his claim for

IIED are as follows:

- Plaintiff called Defendant Paris on or about December 15, 2013 and informed him that he needed to take a leave of absence to address his wife's medical condition and care for her and their children. (Compl. ¶ 23.)

- Defendant Paris sent an e-mail to Plaintiff on December 19, 2013, stating "Just checking in. I understand you will need some time. When you have the time, can you please update me with your return date? I have still not received a confirmed return date." (Compl. ¶ 26.)

- Plaintiff sent an e-mail to Defendant Paris on December 20, 2013 informing him that his "status was still the same," that he "could not tell [Defendant Paris an] exact date," and that his "plan of action would have to wait until next year Jan 1, 2014 to reassess my situation." (Compl. ¶ 27.)

- Plaintiff claims, "on information and belief" that Defendant Paris allegedly did not tell Katherine Suffern, a member of the Crosby Hotel's Human Resources Department, that Plaintiff was on a medical leave of absence. (Compl. ¶¶ 28, 29.)

- Defendant Paris sent Plaintiff an e-mail asking him to disregard a message from Suffern offering Plaintiff time off and stated "I appreciate your situation and value you as an employee, that's why we have waited. But at this time we cannot wait until January 1, 2014 for you to reassess your situation," and notifying him that Plaintiff's prior email would be considered to be a resignation letter. (Compl. ¶ 30.)

- Plaintiff claims Suffern informed him that he was ineligible for FMLA leave. (Compl. ¶ 30.)

Even assuming these facts are true for purposes of this motion only,

Plaintiff has failed to demonstrate that either Defendant intentionally engaged in

conduct that meets the extreme and outrageous requirement of an IIED claim. Plaintiff

merely alleges that Defendant Paris would not grant Plaintiff an indefinite leave of

absence and told Plaintiff that he was treating Plaintiff's failure to return to work or

provide a definite return date as a resignation. While Defendants are certainly

sympathetic to the anguish that Defendants imagine Plaintiff suffered as a result of his

6

wife's medical condition and death, Defendants cannot be blamed for those tragic events, and Plaintiff has not alleged any facts in the Complaint to show that either Defendant engaged in any intentional or reckless behavior to cause Plaintiff severe emotional distress. Indeed, Plaintiff does not allege anywhere in his Complaint that either of the Defendants knew the nature or extent of Plaintiff's wife's medical condition: Plaintiff does not allege that he told Defendant Paris that his wife was on life support, and Plaintiff acknowledges that Suffern was not aware of the circumstances. (Compl. ¶¶ 27-28).[5]

Even assuming, without admitting, that either Defendant deliberately denied Plaintiff a leave and terminated his employment knowing of the state of Plaintiff's wife's health, (an allegation not made anywhere in the Complaint), New York courts "are wary of allowing plaintiffs to recharacterize claims for wrongful or abusive discharge . . . as claims for intentional infliction of emotional distress." *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009) (alterations in original) (citation and quotation omitted) Allegations like Plaintiff's, "that[a] defendant terminated [an employee's] employment and denied [the employee] benefits in a discriminatory, malicious and deliberate manner, even if true, do not meet the standard of "extreme and outrageous" conduct necessary to state a cause of action for intentional or negligent infliction of emotional distress." *Reid v Macy's N.E. at Herald Sq., N.Y. 10001 Under Federated Corp.*, 102458/12, 2013 N.Y. Misc. LEXIS 1702 (Sup. Ct. N.Y. County, Apr.

---

[5] The fact that Ms. Suffern was not aware of the circumstances regarding Plaintiff's wife's condition is evidenced in the e-mail quoted in paragraph 28 of the Complaint in which Ms. Suffern asked if Plaintiff was requesting time off for "whatever situation you may be facing." (Compl. ¶ 28.)

17, 2013).[6] Based upon the utter lack of factual allegations sufficient to support such a claim, Plaintiff's IIED claim should be dismissed against both Defendants.

Furthermore, New York courts do not permit IIED claims where the same alleged conduct is the basis of a plaintiff's statutory claim. *See, e.g., Conde v. Yeshiva Univ.*, 16 A.D.3D 185, 187, 792 N.Y.S.2D 387 (1st Dep't 2005)(dismissing IIED claim where plaintiff made statutory claims for sexual harassment and retaliation)(citations omitted); *Caronia v. Hustedt Chevrolet*, No. 05-CV-3526, 2009 U.S. Dist. LEXIS 27145 (E.D.N.Y. Apr. 1, 2009)(noting IIED is a claim of "last resort" and dismissing claim where plaintiff also alleged a claim under New York State Human Rights Law). Plaintiff's IIED claim is based upon exactly the same allegations as Plaintiff's claim in his first cause of action for interference and retaliation under the Family and Medical Leave Act (FMLA) and therefore must be dismissed on this ground as well.

## II.   PLAINTIFF'S CLAIM FOR BREACH OF COMPANY POLICY/ EMPLOYEE HANDBOOK IS DEFICIENT AS A MATTER OF LAW

Plaintiff does not allege anywhere in his Complaint that he had a written or an oral contract granting him a right to take time off from work. He merely states, in a conclusory fashion, that "[p]ursuant to company policy and the employee handbook,

---

[6] *See also Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985) (holding that allegation of having to take a polygraph on the basis of race is not outrageous per se "despite the unacceptability of racial discrimination in civilized society"); *Murphy v. Am. Home Products*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232 (1983), 448 N.E. 2d 86, (affirming dismissal of claim as "fall[ing] far short of [IIED's] strict standard" that alleged that plaintiff was transferred and demoted for reporting fraud at his company, discharged and ordered to leave immediately, forcibly and publicly escorted from the building by guards when he returned the next day to pick up his belongings, and ordered out of the building two weeks later when he came back, as instructed, to pick up his possessions, which were then dumped in the street); *Fama v. Am. Int'l Group, Inc.*, 306 A.D.2d 310, 311, 760 N.Y.S.2d 534 (2d Dep't 2003) (alleged sabotaging of employee's performance, sexually offensive remarks and employer's alleged acquiescence did not constitute extreme and outrageous conduct); *Seltzer v Bayer*, 272 A.D.2d 263, 264-265, 709 N.Y.S.2d 21 (1st Dep't. 2000)(noting that claims for IIED that have been upheld by the courts "were supported by allegations detailing a longstanding campaign of deliberate, systematic and malicious harassment of the plaintiff.").

[Plaintiff] had the right to take time off from work." (Compl. ¶ 50.) Plaintiff's claim fails as a matter of law because the Hotel's Employee Handbook, and the policies contained therein, did not give Plaintiff any contractual rights. In fact, the Handbook, a copy of which is attached as Exhibit A to the Affidavit of Paul Underhill[7], expressly states throughout that it is not a contract of employment and that policies can be changed. For example, the introductory section on p. 3 states that the Hotel "reserves the right to update or amend or vary the contents of this Handbook" and specifically states "***[t]his Handbook is not a contract, express or implied.***" (Exhibit A, p. 3 (emphasis added)). On page 5, the Handbook again states "this Handbook is not a contract or legal document" and that the Hotel's "policies and benefits are continuously reviewed for updating and we expect to change them from time to time." In the benefits section of the Handbook, on p. 9, the Hotel again states that it "reserves the right to amend or terminate any of its benefit programs."

The section of the Handbook regarding Family and Medical Leave specifically states that employees "*may* be eligible" for leave and instructs employees to "inquire with your Assistant General Manager if circumstances arise that you believe entitle you to such leave." (Exhibit A, p. 12). Finally, the Employee Acknowledgement form states

> I understand that nothing contained in the Handbook may be construed as creating a promise of future benefits or a binding contract with the Crosby Street Hotel or for any other purpose.

(Exhibit A, p. 29.)

---

[7] Although Plaintiff did not attach a copy of any company policy or employee handbook to the Complaint, as noted above the Court may consider documents referenced in the Complaint, but not attached thereto, on a Rule 12 motion to dismiss. *See, e.g.*, Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)(on a motion to dismiss, court may consider "documents incorporated within the complaint by reference.") (citing *Pani v. Empire Blue Cross Blue Shield*, 152 U.S. 67, 71 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)).

4852-4198-4283.3

In *Lobosco v. N.Y. Tel. Company/NYNEX*, 96 N.Y.2d 312, 727 N.Y.S.2d 383, 751 N.E.2d 462 (2001) the New York Court of Appeals dismissed a breach of contract claim based upon an employee handbook where the handbook contained an express disclaimer, like the Hotel's Handbook, which stated that the handbook was not a contract of employment. The *Lobosco* court explained

> Routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements. That would be an unwise expansion of *Weiner*. It would subject employers who have developed written policies to liability for breach of employment contracts upon the mere allegation of reliance on a particular provision. Clearly that cannot be, especially in light of conspicuous disclaiming language. An employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer.

*Lobosco*, 6 N.Y.2d at 317.

Where, as here, an employer's "employee handbook explicitly states that it 'is not a contract of employment nor should its provisions be read or implied to provide for one,'" the handbook "cannot reasonably impose an express or implied obligation on [the employer] to provide a certain amount of medical leave." *Verrocchio v. Fed. Express Corp.*, 3:09-cv-1376, 2011 U.S. Dist. LEXIS 20967, 10-11 (N.D.N.Y Mar. 3, 2011). *See also Dellefave v. Access Temps., Inc.*, 37 Fed. Appx. 23, 27 (2d Cir. 2002)("the District Court properly dismissed the breach of contract and wrongful termination claims because the employee handbook on which these claims are based includes disclaimers that 'prevent[]the creation of a contract and negate[] any protection from termination plaintiff may have inferred from the manual's no-reprisal provision.'")(citing *Lobosco*); *Martin v Southern Container Corp.*, 92 A.D.3d 647, 649 (2d Dep't 2012) (dismissing claim for benefits based upon employee handbook where the

4852-4198-4283.3

"handbook relied upon by the plaintiff provides no basis for the imposition of an implied contractual obligation upon the defendants to pay the plaintiff for his unused vacation time" in light of the "conspicuous inclusion of language disclaiming any intent to create a binding contract"), *lv. to appeal denied*, 19 N.Y.3d 839, 969 N.E.2d 212, 946 N.Y.S.2d 95 (2012).

As the New York Court of Appeals stated in *Lobasco*, Plaintiff cannot claim that he relied upon any provision of a handbook that contained such clear and conspicuous language informing him that the handbook did not create any contractual rights.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant Defendants' partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the second and third causes of action in Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Dated:  New York, New York.
    May 14, 2014

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By:_____
    Aislinn S. McGuire (ASM-3919)
    Lisa E. Dayan (LD-4491)

950 Third Avenue, Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendants
Crosby Street Hotel LLC and Anthony Paris